# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

ANGELA BRANDMEYER,

    Plaintiff,

v.

LLOYD & MCDANIEL, PLC,

    Defendant.

Case No. 3:21-cv-00089

## COMPLAINT

**NOW COMES** Angela Brandmeyer ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of Lloyd & McDaniel, PLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Illinois, Defendant conducts business in the Southern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

### PARTIES

1

4. Plaintiff is a natural person over 18-years-of-age who resides in the Southern District of Illinois and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a collection law firm with its principle office located at 700 N Hurstbourne, P.O. Box 23200, Louisville, KY 40222. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

6. Prior to the events giving rise to this cause of action, Plaintiff incurred a consumer debt to Synchrony Bank ("Synchrony").

7. Due to financial hardship, Plaintiff defaulted on her payments to Synchrony Bank ("subject debt").

8. Upon information and belief, after Plaintiff's default, Credit Control, LLC ("Credit Control") acquired the subject debt.

9. At some point in time thereafter, the subject debt was placed with Defendant for collection.

10. On December 30, 2020, Defendant mailed Plaintiff a dunning letter in an effort to collect the subject debt ("Defendant's Letter").

11. Defendant's Letter depicted, in pertinent part, "Creditor: Synchrony Bank."

12. Defendant's Letter did not conspicuously identify the current creditor as required by §1692g(a)(2) of the FDCPA.

13. Specifically, Defendant's Letter identified "Synchrony Bank" as the "Creditor" but did not specifically identify the identity of the current creditor, as Credit Control had previously acquired the subject debt.

14. Accordingly, Defendant's Letter confused Plaintiff, as she was unable to determine whether "Synchrony was the "creditor" and the current creditor.

15. In other words, just because Synchrony may have been the original creditor does not necessarily mean that it is also the current creditor.

16. Although Defendant's Letter identified the debt it sought to collect, it did not identify to whom the debt is currently owed to.

17. Further obfuscating the identity of the current creditor, Defendant's Letter requested that payment be made directly to Defendant, thus raising the possibility that Defendant is the current creditor.

18. Defendant's Letter further stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

19. This language raised the possibility that the subject debt could have been sold by Synchrony, but did not clarify who actually owned the subject debt.

20. Accordingly, Defendant's Letter rendered it impossible for Plaintiff to determine whether Synchrony, Credit Control, Defendant, or an unknown third party was the current creditor to whom the subject debt is owed.

## DAMAGES

21. Due to Defendant's failure to identify the current creditor, Plaintiff did not make a payment on the subject debt as the omission of the identity of the current creditor rendered it impossible for Plaintiff to determine whom she is ultimately paying.

22. This uncertainty resulted in an appreciable risk of harm to Plaintiff because her decision not to pay, which was driven by the confusion pertaining to the owner of the subject debt, raised the risk of imminent adverse credit reporting of the subject debt by the owner of the subject debt, who is presently unknown.

23. There is no question that having information regarding the entity that Plaintiff was indebted to is of substantive value and material to Plaintiff's financial affairs. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ...").

24. Without this critical information, Plaintiff ran the risk of making payment to an unknown entity and having her payment swallowed into a black hole.

25. Based on the foregoing, Plaintiff was deprived of her right to receive critical information required by the FDCPA and was harmed as a result thereof.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects defaulted debts and uses the mail to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

29. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30. Defendant used the mail to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant's Letter to Plaintiff were made in connection with the collection of the subject debt.

32. Defendant violated 15 U.S.C. §§1692g(a)(2) through its unlawful debt collection practices regarding the subject debt.

33. Section 1692g(a) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
>     (1)    the amount of the debt;
>
>     (2)    **the name of the creditor to whom the debt is owed**;
>
>     (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>     (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>     (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

34. Section 1692g of the FDCPA requires debt collectors to make certain critical disclosures to consumers, including the identity of the current creditor.

35. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

36. Specifically, Defendant violated §1692g(a)(2) by failing to identify the entity to whom the subject debt is currently owed to.

37. As set forth above, Defendant's Letter was highly confusing and impacted Plaintiff's decision to pay the subject debt, which resulted in concrete harm to Plaintiff as set forth above.

38. Assuming that Synchrony is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because the sheer presence of the correct name in the notice somewhere does not suffice to identify the entity to whom the subject debt is currently owed to.

39. Upon information and belief, Defendant systematically deceives consumers as to the identity of the creditor to whom the debt is owed, in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

40. As stated above, Plaintiff was harmed by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, Angela Brandmeyer, respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 22, 2021               Respectfully Submitted,

                                                       /s/ Alexander J. Taylor
                                                       Alexander J. Taylor, Esq.
                                                       Sulaiman Law Group, Ltd.
                                                       2500 South Highland Avenue, Suite 200
                                                       Lombard, IL 60148
                                                       Telephone: (630) 575-8181
                                                       ataylor@sulaimanlaw.com